UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDWIN J. WALKER,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>STATE OF CALIFORNIA,<br><br>　　　　　Respondent. | No.  2:15-cv-2193 DB P<br><br><br>ORDER |

Petitioner filed a document here entitled "Petition for Writ of Habeas Corpus" and a motion to proceed in forma pauperis.

Examination of the affidavit accompanying petitioner's motion to proceed in forma pauperis reveals he is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

Petitioner filed his petition on a form used in the California courts. (ECF No. 1.) In the caption, petitioner identifies the court as "State of California, Appellate Court." In his petition, petitioner complains that a Placer County Superior Court judge has not given him credit for time he served between August 30, 2014 and December 6, 2014. In the exhibits attached to his petition, petitioner includes a decision by the Placer County Superior Court on a habeas petition he filed there in 2015. (ECF No. 1 at 26.)

////

Petitioner is informed that this court is the federal district court. It is not part of the California courts system. If petitioner wishes to pursue relief in the California Court of Appeals, he must send his filings to that court at Third Appellate District, 914 Capitol Mall, 4th Floor, Sacramento, CA 95814. If petitioner wishes to pursue relief in the California Supreme Court, he must send his filings to that court at Supreme Court of California, 350 McAllister Street, San Francisco, CA 94102-4797.

If petitioner intends to proceed in federal court, petitioner is further advised that a habeas petition under 28 U.S.C. § 2254 is only appropriate when it is filed within the one year statute of limitations, petitioner has exhausted his state court remedies by raising his claims before the highest state court, and petitioner is in custody pursuant to the judgment of a state court. See 28 U.S.C. §§ 2244(d)(1)(a one-year limitation period runs from certain dates, including the date the judgment became final by the conclusion of direct review or the date on which the factual predicate of the claim could have been discovered); 2254(b)(1) (exhaustion of state remedies is a prerequisite to the granting of a petition for a writ of habeas corpus); 2254(a) (petitioner must be in custody pursuant to a judgment of the state court). Petitioner may raise claims in a federal habeas petition only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. See 28 U.S.C. § 2254(a).

If petitioner intends to pursue federal habeas corpus relief, he must allege a violation of the Constitution or federal law, or allege how the adjudication of his claim(s) in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d). See also Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) (habeas petitioner may not "[t]ransform a state-law issue into a federal one merely by asserting a violation of due process").

Petitioner is reminded that under Rule 2(c) of the Rules Governing Section 2254 Cases, a federal habeas petition must:

(1) specify all the grounds for relief available to the petitioner;

(2) state the facts supporting each ground;

(3) state the relief requested;

    (4) be printed, typewritten, or legibly handwritten; and

    (5) be signed under penalty of perjury….

In addition, "the petition is expected to state facts that point to a 'real possibility of constitutional error.'"  Rule 4, Advisory Committee Note, Federal Rules Governing Section 2254 Cases.

    Petitioner will be given an opportunity to amend his petition, on the form provided, to proceed in this court.  If he chooses not to do so, this court will recommend that his petition be dismissed without prejudice.

    Accordingly, IT IS HEREBY ORDERED as follows:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 2) is granted.
2. Petitioner's habeas corpus petition (ECF No. 1) is dismissed with leave to amend.
3. Within thirty days of the date of his order, petitioner may file an amended petition. Any amended petition must bear the case number assigned to this action and the title "Amended Petition."
4. The Clerk of the Court is directed to send petitioner the court's form for an application for writ of habeas corpus.

Dated:  March 7, 2017

                            DEBORAH BARNES
                            UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-habeas/walk2193.hc