UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDWIN J. WALKER,<br><br>    Petitioner,<br><br>  v.<br><br>STATE OF CALIFORNIA,<br><br>    Respondent. | No. 2:15-cv-2193 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner is a former state prisoner proceeding pro se and in forma pauperis with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Before the court is petitioner's first amended petition for screening.

In his original petition, petitioner appeared to be seeking relief from the California Court of Appeal, not from this federal court. The court advised petitioner about where to seek relief if he intended to file in the state Court of Appeal. (Mar. 8, 2017 Order (ECF No. 7).) The court also informed petitioner about the requirement that he exhaust his state court remedies by raising his claims in the California Supreme Court before seeking relief in federal court. Petitioner was given the opportunity to file an amended petition here.

On May 8, 2017, petitioner filed an amended federal petition. However, again, petitioner shows that he has not exhausted his state court remedies. Petitioner states that he filed a "complaint" with the California Court of Appeal for the Third Appellate District that is "pending"

1

and that he filed a habeas corpus petition with the Placer County Superior Court that was denied on March 8, 2015.[1] (ECF No. 9.)

As petitioner was informed previously, the exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).

After reviewing the amended petition for habeas corpus, the court finds that petitioner has failed to exhaust state court remedies. The claims have not been presented to the California Supreme Court. Further, there is no allegation that state court remedies are no longer available to petitioner. Accordingly, the petition should be dismissed without prejudice.[2]

Good cause appearing, the Clerk of the Court IS HEREBY ORDERED to assign a district judge to this case; and

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed for failure to exhaust state remedies.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

---

[1] Petitioner provides a copy of a letter from the California Court of Appeal returning his "amended petition" to him because he used this court's form to file in the state Court of Appeal. On that form, there is a handwritten notation, apparently by petitioner, that his supporting documents were filed with his federal petition here. Petitioner is advised that he may obtain copies of any documents he filed here by contacting the Clerk's Office. The Clerk's Office will provide copies of documents and of the docketsheet at a cost of $0.50 per page. Checks in the exact amount are made payable to "Clerk, USDC." Petitioner should note that in forma pauperis status does not include the cost of copies. Copies of documents in cases may also be obtained by printing from the public terminals at the Clerk's Office or by contacting Cal Legal Support Group at: 3104 "O" Street, Suite 291, Sacramento, CA 95816, phone 916-441-4396, fax 916-400-4948.

[2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: January 22, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-habeas/walk2193.fr